124 December 26, 2024 No. 943

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARCIE EUGENA CEPHUS,
*Defendant-Appellant.*

Marion County Circuit Court
22CR39622; A181246

Tracy A. Prall, Judge.

Argued and submitted October 30, 2024.

Peter G. Klym, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Megan Mizuta, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, entered after a conditional guilty plea. She assigns error to the trial court's denial of her motion to suppress evidence obtained during a traffic stop that was initiated for expired registration and then expanded to include a DUII investigation. She argues that the DUII investigation was not supported by reasonable suspicion. Reviewing the trial court's suppression ruling for errors of law and accepting the trial court's express and implied findings of fact as supported by constitutionally sufficient evidence, *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993), we affirm.

When police conduct a traffic stop that becomes a criminal investigatory stop—as in this case—they must have reasonable suspicion of a crime prior to commencing the investigation in order to justify that expansion. *State v. Arreola-Botello*, 365 Or 659, 712, 451 P3d 939 (2019). The state bears the burden to establish that reasonable suspicion existed, *State v. Bryars*, 319 Or App 464, 475, 510 P3d 261 (2022), including that an "officer subjectively suspect[ed] that an individual ha[d] committed, or [was] about to commit, a crime, and that [that officer's] belief [was] 'objectively reasonable under the totality of the circumstances.'" *State v. Huffman*, 274 Or App 308, 312, 360 P3d 707 (2015), *rev den*, 358 Or 550 (2016) (quoting *Ehly*, 317 Or at 79). Although reasonable suspicion is a "relatively low barrier," *State v. Roberts*, 308 Or App 225, 230, 480 P3d 1016 (2020), *rev den*, 367 Or 827 (2021) (internal quotation marks and citation omitted), it must be based on "specific and articulable facts that give rise to a reasonable inference that defendant committed or was about to commit a specific crime or type of crime." *State v. Maciel-Figueroa*, 361 Or 163, 165, 389 P3d 1121 (2017).

Here, defendant argues that the officers "lacked subjective reasonable suspicion that defendant was committing DUII." Defendant further argues that even if the officers did have the required subjective belief, "it was not objectively reasonable under the totality of the circumstances." Defendant highlights that the officers observed no unsafe

driving and did not smell alcohol; that although the officers smelled perfume during the stop, that odor of perfume was not linked to defendant as opposed to the other two passengers; and the remaining factors put forward by the state in the trial court "d[id] not provide enough specific articulable facts for reasonable suspicion of a DUII."

The state responds that the officers subjectively believed that defendant was intoxicated, and that the following facts support that that belief was objectively reasonable: "(1) the time of day—approximately 1:30 in the morning; (2) defendant admitted that she was coming from a party; (3) a strong odor of perfume was coming from the car; (4) defendant started using a cough drop between the first and second contacts with the officers; (5) defendant had bloodshot eyes; and (6) an open container of alcohol was in the backseat of the car."

Having reviewed the record and considered the parties' arguments, we conclude that the trial court did not err. Constitutionally sufficient evidence supports a finding that the officers had a subjective belief that defendant had committed the crime of DUII and a conclusion that that suspicion was objectively reasonable. Such evidence includes, but is not limited to, testimony that defendant's eyes were glassy or bloodshot, one officer's testimony—which the trial court credited—that defendant had slurred speech during the traffic stop, and testimony that an open alcohol container was seen by the officers in the backseat of the vehicle that defendant was driving.

Consequently, we conclude that the trial court did not err in denying defendant's motion to suppress.

Affirmed.